# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOHN DOE,

        Plaintiff,

v.

STERLING INFOSYSTEMS, INC.,

        Defendant.

Case No: 6:25-cv-00779-WWB-LHP

**MOTION FOR LEAVE TO FILE UNDER SEAL**

    Plaintiff respectfully moves for leave to file under seal (i) Plaintiff's Disclosure Statement and (ii) evidence in support of Plaintiff's forthcoming motion for leave to proceed under a pseudonym pursuant to Local Rule 1.11(c) and states the following in support:

**I. Description of the Item Proposed for Sealing.**

  a. Plaintiff's disclosure statement identifying Plaintiff. Filing under seal will permit the Court to run a conflicts search.

  b. Evidence in support of Plaintiff's forthcoming motion for leave to proceed under a pseudonym. Such evidence will likely include a declaration by Plaintiff.

**B. Reason for Proposed Sealing.**

    It is absolutely necessary that Plaintiff be granted leave to file the above-described documents under seal. Plaintiff has alleged that Defendant inaccurately and improperly portrayed Plaintiff as having been convicted of a serious crime. Fundamental to Plaintiff's lawsuit is the allegation that Defendant's reporting of that conviction by Defendant is inaccurate because the criminal record was expunged pursuant to N.J.S.A. 2C:52-27.

Forcing Plaintiff to reveal his identity would create a public record linking him to the expunged records, effectively waiving the protections afforded Plaintiff under N.J.S.A. 2C:52-1 *et seq*.

There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. The harm Plaintiff would suffer if forced to reveal his identity creates a permanent injury that this litigation is precisely aimed at correcting pursuant to the FCRA.

Means other than sealing are unsatisfactory because filing under seal is the only way to maintain the confidentiality of Plaintiff's identity.

C. **Proposed Duration of the Seal.**

In light of the sensitive nature of the information in these documents, and consistent with Local Rule 1.11(c), Plaintiff requests that they remain under seal indefinitely.

D. **Name, Mailing Address, Email Address, and Telephone Number of the Person Authorized to Retrieve a Sealed, Tangible Item:**

David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 701-4605
E: dpinkhasov@consumerattorneys.com

E. **Legal Memorandum in Support**

Good cause exists for sealing information "when disclosure will cause the party to suffer a clearly defined and serious injury". *See, e.g., NXP B.V. v. Research in Motion, Ltd.,* No. 6:12-cv-498-Orl-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013). In

evaluating a request for leave to file information under seal, courts balance the public's right to access court proceedings with the party's interest in keeping such information confidential. *See Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013). Factors considered by courts in balancing these interests include "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Smith v. Costa Del Mar, Inc.*, Case No. 3:18-cv-1011-J32JRK, 2019 WL 3037815, at *1 (M.D. Fla. July 11, 2019).

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file under seal his Disclosure Statement and evidence in support of a forthcoming motion to proceed under pseudonym.

Dated: May 5, 2025

*/s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS, PLLC
68-29 Main Street
Flushing NY 11367
T: (718) 701-4605
F: (718) 247-8020
E: dpinkhasov@consumerattorneys.com

 *Attorneys for Plaintiff,*
*John Doe*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 5, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since an attorney of record has yet to appear on behalf of the Defendant in this case, hard copies of the foregoing have been/will be served upon the Defendant at the address listed below.

STERLING INFOSYSTEMS, INC.<br>
c/o CORPORATION SERVICE COMPANY<br>
1201 HAYS STREET<br>
TALLAHASSEE, FL 32301

<em><u>/s/ David Pinkhasov</u></em>